**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafi Law Group PLLC, | No. CV-25-00778-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Gil Negrete, et al., | |
| Defendants. | |

Before the Court is Plaintiff Rafi Law Group PLLC ("Rafi") and Defendant Gil Negrete's ("Negrete") (collectively the "parties") Notice to the Court of a Discovery Dispute and Joint Written Summary of the Dispute. (Doc. 40). Having reviewed the Notice and the attached documents (Doc. 42), the Court finds that Rafi's Requests for Production ("RFP" or "RFPs") are overbroad or in the case of one RFP, ask for privileged information. The Court's reasoning is below.

**I.    Background**

Rafi brought the current lawsuit on March 7, 2025. (Doc. 1). The Complaint is based on three claims: (1) Racketeer Influenced and Corrupt Organizations Act ("RICO'); (2) a claim for a pattern of unlawful activity under A.R.S. § 13-2314 *et. seq.*; and lastly (3) tortious interference with contract and business expectancy. (*Id.*) Currently at the discovery stage of the proceedings, the parties dispute the adequacy of Rafi's RFPs. (Doc. 40). It is Rafi's position that asking Negrete to turn over evidence of pre-Complaint conduct is well within the regular demands of the discovery process. (*Id.* at 2). In opposition, Negrete

1 calls the Court's attention to the lack of particularity of the RFPs and that one of them in particular collides head on with attorney-client privilege. (*Id.* at 3). The Complaint itself references conduct from 2022 through 2024. (Doc. 1). Rafi argues that broadening this timeframe is necessary, reaching all the way back to 2017, for him to make an effective case for his claims. (Doc. 40 at 2). The following RFPs are in dispute: Nos. 2, 3, 6, 7, 8, 9, 10, and 11. And the Court's decision is below.

## II.   Legal Standard

Federal Rule of Civil Procedure 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" and that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). As long as it is acting within the scope of Rule 26, a party may conduct discovery by, among other things, serving another party with interrogatories, Fed. R. Civ. P. 33, or by making requests for the production of documents under Fed. R. Civ. P. 34. While parties requesting discovery bear the burden of showing relevance, parties resisting discovery bear the burden of showing lack of relevance or undue burden. *Caouette v. OfficeMax, Inc.*, 352 F. Supp. 2d 134, 136 (D.N.H. 2005). At no time is a generalized objection sufficient to ward off a properly made discovery request. *Autoridad de Carreteras y Transp. v. Transcore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016).

## III.   Discussion

Below are the requests for production by Rafi, along with Negrete's objections that are at issue.

### Rafi's Requests for Production

**REQUEST NO. 2:** All COMMUNICATIONS involving YOU and RLG, any of its employees, and/or any of its personnel (including bit not limited to RAFI and/or KELHOFFER).

**OBJECTION:** Defendant objects to this Request because it fails to describe the requested items with reasonable particularity, as Rule 34(b)(1)(A) requires. The blanket request for

1  "all" communications involving Defendant and RLG, its employees and its personnel,
2  without reference to the predicate acts alleged in Counts I and II of the Complaint of the
3  acts of interference alleged in Count III of the Complaint and the time period in which
4  those acts are alleged to have occurred, is overboard, improper, and seeks irrelevant
5  information.

6  **REQUEST No. 3:** All DOCUMENTS and COMMUNICATIONS, including research,
7  date and other factual support that form the basis of any public statements, posts, or
8  communications made by YOU or on YOUR behalf about RLG and/or any of its
9  employees or personnel (including but not limited to RAFI and/or KELHOFFER).

10 **OBJECTION**: Defendant objects to this Request because it fails to describe the requested
11 items with reasonable particularity, as Rule 34(b)(1)(A) requires. The blanket request for
12 "all" documents which form the basis for any public statements Defendant made about
13 RLG, its employees and its personnel, without reference to the "false and disparaging"
14 statements Defendant is alleged, in Paragraphs 21(iv), 21(v), 31, 34, 35, 36, 40, 41, 42 and
15 66 of the Complaint, to have made, and the time period in which those statements were
16 allegedly made, is overbroad, improper, and seeks irrelevant information.

17 **REQUEST No. 6**: All DOCUMENTS and COMMUNICATIONS referencing,
18 RELATING TO or involving the foundation, formation, business operation, management,
19 actual or potential allocation of ownership, or actual or potential change in ownership of
20 GTS, JEROME GIBSON, VALLEY BOYZ, VIL, GN ENTERPRISE, and/or any other
21 business in which YOU and/or TRINA NEGRETE have an interest.

22 **OBJECTIONS**:
23 **1.**   Defendant objects to this Request because it fails to describe the requested items
24 with reasonable particularity, as Rule 34(b)(1)(A) requires. The blanket request for "all"
25 documents which relate to the foundation, formation, business operation, management,
26 actual or potential allocation of ownership, or actual or potential change in ownership of
27 GTS, Jerome Gibson, Valley Boyz, Valley Injury Lawyers, or GN Enterprise, or any other
28 business in which Defendant or his wife have an interest, when the Complaint does not

make any factual allegations regarding those matters, other than to allege in Paragraphs 9, 10, 11, 12, 13 that Defendant holds an interest in those entities and the allegation in Paragraph 34 that in March 2023 Defendant made a statement about the sale of his law firm, is overbroad, improper, and seeks irrelevant information.

**2.** Defendant objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case in that Defendant would have to expend considerable time and attorney's fees to locate "all" documents relating to the "foundation and formation" of Jerome Gibson, which was established in 1973 and is now known as Valley Injury Lawyers; GN Enterprise, which was established in 2009; GTS, which was established in 2014; and Valley Boyz, which was established in 2019, when the Complaint does not contain any allegation relating to the foundation and formation of those entities.

**3.** Defendant objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case in that Defendant would have to expend considerable time and attorney's fees to locate "all" documents relating to the "business operation" and "management" of Jerome Gibson, which has been in business since 1973 and is now known as Valley Injury Lawyers; GN Enterprise, which began business in 2009 but effectively stopped operating as a business in April 2023; GTS, which began operations in 2014 but is no longer doing business; and Valley Boyz, which began operations in 2019 but is no longer doing business, when the Complaint does not contain any allegation relating to the "business operation" or "management" of those entities other than the allegations in Paragraphs 24, 25, 26, and 29 of the Complaint that Defendant made extortionate demands on Plaintiff to refer workers' compensation cases to Jerome Gibson and to refer vehicles in need of towing and storage to GTS.

**4.** Defendant objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case in that Defendant would have to expend considerable time and attorney's fees to locate "all" documents relating to the "actual or potential allocation of ownership, or actual or potential change in ownership" of Jerome Gibson, which has been in business since 1973 and is now known as Valley Injury

Lawyers; GN Enterprise, which began business in 2009 but effectively stopped operating as a business in April 2023; GTS, which began operations in 2014 but is no longer doing business; and Valley Boyz, which began operations in 2019 but is no longer doing business, when the Complaint does not contain any allegation relating to the ownership of those entities other than, as alleged in Paragraphs 9, 10, 11, 12, 13, that Defendant holds an interest in those entities.

**REQUEST No. 7:** All DOCUMENTS and COMMUNICATIONS referencing, RELATING TO, or involving YOUR intentions, plans for, or actions at any location where RAFI, KELHOFFER, and/or any other RLG personnel were found or expected to be found, including but not limited to the locations alleged in the COMPLAINT where incidents are alleged to have occurred or to have been threatened (i.e., RLG's offices, State Farm Stadium, Fogo de Chao restaurant, or the location of Mr. Kelhoffer's planned wedding).

**OBJECTIONS:** Defendant objects to this Request because it fails to describe the requested items with reasonable particularity, as Rule 34(b)(1)(A) requires by requesting documents other than those which refer or relate to the only such "incidents" alleged in Paragraphs 23, 25, and 29 of the Complaint, and is thus overbroad, improper, and seeks irrelevant information.

**Request No. 8:** All DOCUMENTS and COMMUNICATIONS referencing, RELATING TO, or involving any actions taken, planned, intended, or considered by YOU, or for or on behalf of any business in which YOU are an owner, manager, employee, contractor, or agent, or in which YOU and/or TRINA NEGRETE have an interest, vis a vis RLG and/or any of its personnel (including but not limited to RAFI and/or KELHOFFER), including but not limited to the actions referenced in the COMPLAINT.

**OBJECTIONS:**

**1.** Defendant objects to this Request because it fails to describe the requested items with reasonable particularity, as Rule 34(b)(1)(A) requires. The blanket request for "all" documents which relate to "any actions" that were "taken, planned, intended, or considered" by Defendant "for or on behalf of any business" in which Defendant or Trina

Negrete has an interest without reference to the allegations in Paragraphs 24, 25, 26, and 29 of the Complaint that Defendant made extortionate demands on Plaintiff to refer workers' compensation cases to Defendant's law firm and to refer vehicles in need of towing and storage to GTS, or the allegation in Paragraph 34 that Defendant offered made a statement regarding the sale of his law firm, and the time period in which those statements are alleged to have been made, is overbroad, improper, and seeks irrelevant information.

**2.** Defendant objects to the Request because it is substantially similar to Request No. 4 in that documents sought in Request No. 4 relating to any actual or potential "relationship" between Defendant and Plaintiff would include documents relating to the actions taken, planned or intended sought in this Request, and is substantially similar to Request No. 6 in that documents sought in Request No. 6 relating to a change in ownership would include documents relating to plans for any business in which Defendant had an interest that were considered by Defendant.

**Request No. 9:** All DOCUMENTS and COMMUNICATIONS referencing, RELATING TO, or involving any social media content, online articles, blogs, comments, songs, or other internet content created, published, or caused to be published by YOU, or for or on behalf of any business of which YOU are an owner, manager, employee, contractor, or agent on in which YOU and/or TRINA NEGRETE have an interest, whether alone or with the assistance of others, that mention or refer to RAFI, KELHOFFER, and/or RLG or any of its personnel. For the avoidance of doubt, this request specifically includes, but is not limited to podcasts, Instagrams "Stories," "Posts," "Reels," and the analogous types of content on TikTok.

**OBJECTIONS:**

**1.** Defendant objects to this Request because it fails to describe the requested items with reasonable particularity, as Rule 34(b)(1)(A) requires. The blanket request for "all" documents which reference, relate to, or involve internet content Defendant created which mentions or refers to Brandon Rafi, William Kelhoffer, and/or Plaintiff or any of its personnel, without reference to the allegations in Paragraphs 31, 33, 34, 35, 36, 39, 40, 42

- 6 -

of the Complaint that Defendant committed extortion by making or threatening to make such public statements, and the time period in which those statements were allegedly made, is overbroad, improper, and seeks irrelevant information. *See*, *e.g.*, *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649-651 (10th Cir. 2008) (affirming trial court ruling that similar requests were overbroad and failed to describe requested items with reasonable particularity).

**2.** Defendant objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case in that Defendant would have to expend considerable time and attorney's fees to locate and produce "all" documents which refer to the internet content referenced in Paragraphs 31, 33, 34, 35, 36, 39, 40, 42 of the Complaint but do not involve communications with Plaintiff regarding that content which Plaintiff alleges were extortionate.

**3.** Defendant objects to the Request because it is duplicative of Request 2, which called for the production of documents relating to any communications between Defendant and Plaintiff. *See* Fed.R.Civ. P. 26(b)(1) (directing courts to limit duplicative discovery); *Gettings v. County of Shasta*, No. 2:21-cv-01139-DJC-SCR, 2025 WL 842945, at *3 (E.D. Cal. March 18, 2025) (citing Rule 26(b)(1) in directing party to cooperatively seek to limit duplicative requests for production).

**Request No. 10:** All DOCUMENTS and COMMUNICATIONS referencing, RELATING TO, or involving RAFI and RLG's lawsuit against YOU, Maricopa County Superior Court, Case No. CV2024-003021, apart from public filings in that lawsuit.

**OBJECTIONS**:

**1.** Defendant objects to this Request because it fails to describe the requested items with reasonable particularity, as Rule 34(b)(1)(A) requires. The blanket request for "all" documents which reference, relate to, or involve Plaintiff's state court lawsuit, without reference to the allegations in Paragraphs 39, 40, and 41 of the Complaint that during 2024 Defendant communicated to Plaintiff that he would cease publishing statements about Plaintiff if Plaintiff would dismiss that lawsuit, and the allegation in Paragraph 45 that in

December 2024 Defendant communicated with William Kelhoffer regarding his role as a potential witness in that lawsuit, is overbroad, improper, and seeks irrelevant information.

**2.** Defendant objects to this Request on the grounds that it is unduly burdensome and not proportional to the needs of the case in that Defendant would have to expend considerable time and attorney's fees to locate and produce "all" documents which refer, relate to or involve the state court lawsuit when such documents do not refer, relate to or involve the allegations in Paragraphs 39, 40, and 41 of the Complaint that during 2024 Defendant communicated to Plaintiff that he would cease publishing statements about Plaintiff if Plaintiff would dismiss that lawsuit.

**3.** Defendant objects to the Request on the grounds that, as drafted, it impermissibly seeks documents reflecting communications between Defendant and his counsel which refer or relate to, or involve the state court litigation, which presumably was not the drafters' intent, since such communications are protected by the attorney client privilege and/or the work-product doctrine and are not discoverable, and that any request for those documents and demand that they be listed in a privilege log would violate ER 3.4(d) and the Creed of Professionalism.

**4.** Defendant objects to the Request because it is duplicative of Request 2, which called for the production of documents relating to any communications between Defendant and Plaintiff.

**Request No. 11:** All COMMUNICATIONS with SOTO and/or any third-party referencing, RELATING TO, or involving this ACTION.

**OBJECTION:** Defendant objects to this Request because it fails to describe the requested items with reasonable particularity, as Rule 34(b)(1)(A) requires. The blanket request for "all" documents containing communications with Defendant Jesus Soto or any unidentified third party which reference, relate to, or involve this lawsuit, without reference to the predicate acts and alleged interference on which Plaintiff's claims rest and the time period during which those acts allegedly occurred, is overbroad, improper, and seeks irrelevant information.

**Requests for Production that the Court finds overly broad**

The Court finds the following requests overly broad on their face: RFP No. 2, No. 3, No. 6, No. 7, No. 8, No. 9, and No. 11. Negrete's position that the requests listed do not conform to the requirements of Rule 34 is well-taken. *See* Fed. R. Civ. P. 34 (b)(1)(A) (requiring that the request be stated with reasonable particularity as to each item or category of items). Although the test for particularity is flexible, in that it is reviewed on a case-by-case basis, it does not absolve the movant of refining, identifying, and designating the documents to be produced with precision. 8B Wright, Miller & Marcus, Federal Practice and Procedure § 2211 (3d Ed. 2010). This is especially true when the movant, here Rafi, should possess a certain degree of knowledge that he can refine and identify the documents with more exactness. *Id.* A stated exception to this generalization that RFPs be more surgical in their dictates, is when the "party seeking discovery cannot give a more particular description and the party from whom discovery is sought will have no difficulty in understanding what is wanted." *Id.* But that is admittedly not the case here where the RFPs repeatedly ask for "ALL COMMUNICATIONS" or "ALL DOCUMENTS AND COMMUNICATIONS." Given the overbroad request, Negrete's position is that he does indeed have difficulty in ascertaining what is being asked for. Given that the timeframe alleged in the Complaint for the various actions is from 2022 (at the earliest) to 2024, allowing discovery to reach documents as far back as 2017 as suggested by Rafi, is assuredly overbroad, even with the liberal contours of the discovery rules. And while it is true that to state a claim for RICO actions, a pattern of racketeering activity, defined as the occurrence of two or more acts of racketeering activity within ten years of each other is required, that is not enough to engage in a fishing expedition extending to the bowels of 2017. 18 U.S.C. § 1961(5); *see Brady v. Dairy Fresh Products Co.*, 974 F.2d 1149, 1152 (9th Cir.1992) ("A pattern of racketeering activity does not exist unless there is evidence of two predicate acts."). As pointed out by Negrete, extending the discovery timeframe to sweep in pre-Complaint conduct, when the Complaint itself does not reference that conduct, is precisely the type of discovery request that is considered overbroad. (Doc. 42-

1, Ex. 4, Negrete's Response to Rafi's Email on September 10, 2025); *see also Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 261 (E.D. Wisc. 2013) (stating that the use of omnibus terms such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category of documents or broad range of information makes a discovery request overly broad on its face).

The Court finds that the use of the word "ALL" and the phrase "RELATING TO" to modify the already broad range of information asked for in the following RFPS makes them overly broad on their face: Nos. 2, 3, 6, 7, 8, 9, and 11. All-encompassing and all sweeping discovery requests like the ones made by Rafi, essentially amount to a fishing expedition. *Baird v. Leidos, Inc.*, No. 22CV0060-LL(RBB), 2022 WL 17824005, at *5 (S.D. Cal. Dec. 20, 2022). Casting a wide net in the mere hopes of finding something relevant is no reason to broaden the already broad scope of the discovery rules. Therefore, the Court finds that the RFPs should be refined to reference the conduct described in the Complaint and within the timeframe listed in the Complaint.

### Request for Production covered by privilege

The Court finds that as requested, RFP 10 is asking for privileged information. The attorney-client privilege protects confidential communications by a client to an attorney for the purpose of securing legal advice, and communications by the attorney to the client, the disclosure of which would reveal information confided by the client. *Fisher v. United States*, 425 U.S. 391, 403 (1976). As the request is worded, it asks for "All DOCUMENTS and COMMUNICATIONS referencing, RELATING TO, or involving RAFI and RLG's lawsuit against YOU, Maricopa County Superior Court, Case No. CV2024-003021, apart from public filings in that lawsuit." This request sweeps in communications between Negrete and his counsel. Notwithstanding that RFP 10 is overbroad and untethered from the conduct complained of in the Complaint and the corresponding timeline, it is also privileged. *Bronsink v. Allied Prop. & Cas. Ins. Co.*, 2010 WL 597489, at *1 (W.D. Wash. Feb. 16, 2010) (emphasizing that a bedrock principle of discovery is to protect privileged communications). Absent a waiver of attorney-client privilege on Negrete's part, Rafi is

advised to refine his request for production to not ask for privileged communications. Putting that to one side, this request, like the others in contention, is overly broad. *Baird v. Leidos, Inc.*, 2022 WL 17824005, at *5 (S.D. Cal. Dec. 20, 2022).

Having reviewed the RFPs and the corresponding objections, the Court finds that the RFPs should be narrowed to include only the timeline referenced in the Complaint and only the conduct referenced in the Complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's RFP Nos. 2, 3, 6, 7, 8, 9, 10, and 11, currently outlined and listed as in dispute in the Joint Notice to the Court (Doc. 40) shall be narrowed in accordance with the directives of this Order.

**IT IS FURTHER ORDERED** this matter is referred to Magistrate Judge Deborah M. Fine for all pretrial proceedings, including but not limited to resolution of Plaintiff's recently filed Motion for Protective Order (Doc. 46).

Dated this 31st day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge