**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafi Law Group PLLC, | No. CV-25-00778-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Gil Negrete, et al., | |
| Defendants. | |

Before the Court is Plaintiff Rafi Law Group PLLC's ("Rafi") Motion to Dismiss his lawsuit voluntarily with prejudice.  (Doc. 76). Both Defendants in this action, Gil Negrete ("Negrete") and Jesus Soto ("Soto") (collectively "Defendants") have filed their Responses.  (Docs. 83 & 84).  Neither Defendant opposes the voluntary dismissal with prejudice, but both ask the Court to retain jurisdiction to determine possible sanctions and attorney fees and costs.  The Court will grant Rafi's Motion to Dismiss with prejudice and retain jurisdiction to determine the possible sanctions and attorney fees and costs, and if they should be awarded, at a later time.

## I.    Background

Rafi's Complaint is peppered with allegations of a years-long campaign of extortion, death threats, physical assaults, and false statements by Negrete and Soto, all in an attempt to extort clients and money from Rafi and his law firm. (Doc. 1 at 1).  Both Negrete and Rafi are attorneys here in Phoenix, though Rafi reminds the Court that Negrete has been suspended from practicing law in Arizona since 2023.  (*Id.* at 2 & 3).

But Negrete is not just a former attorney. He owns several businesses throughout town. (*Id.* at 9–10). Rafi, on the other hand, is the founder and owner of Rafi Law Group, PLLC. (*Id.* at 7). Rafi also names a second Defendant in this case: Jesus Soto. Soto is described by Rafi as a close associate of Negrete's and together, according to Rafi, Soto and Negrete are part of an association called the "Negrete Gang." (*Id.* at 19). Initially, Rafi claimed that the Negrete Gang was responsible for the crime of extortion, accomplished by making physical threats and committing violence against Rafi and his employees. (*Id.* at 21). In total, he alleged three claims in his Complaint: (1) violation of 18 U.S.C. § 1962(c), otherwise known as Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) a pattern of unlawful activity under A.R.S. § 13-2314.04, Arizona's RICO statute; and lastly, (3) tortious interference with contract and business expectancy. Almost immediately after Rafi filed his Complaint, both Defendants filed their respective Motions to Dismiss. (Docs. 11 & 12; *see also* Doc. 37). The Court, concerned that Rafi had not adequately pled the jurisdictional component of a federal RICO claim, ordered Rafi to provide the Court with supplemental briefing. (Doc. 75). In response, Rafi filed a motion to voluntarily dismiss his case with prejudice under Rule 41(a)(2). (Doc. 76). The Court will grant the Motion for the reasons stated below.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)") allows a plaintiff, by court order and subject to any terms and conditions the court deems proper, to voluntarily dismiss a lawsuit. Fed. R. Civ. P. 41(a)(2). A district court should grant a plaintiff's motion to voluntarily dismiss the case unless defendants can show that they will suffer some plain legal prejudice as a result. *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Uncertainty about some future litigation or a dispute remaining unresolved does not qualify as legal prejudice. *Id.* at 97. Neither does a defendant being inconvenienced by having to defend in another forum constitute legal prejudice. *Id.*

However, a district court may retain jurisdiction for sanctions under Rule 11 even after a plaintiff's voluntary dismissal. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395–396 (1990). The same is true for a defendant's motion for costs and attorneys fees, as these are considered collateral issues that the district court may consider after an action is no longer pending.  "Motions for costs and attorneys fees are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree."  *Id.* at 395 (quoting *Sprague v. Ticonic National Bank,* 307 U.S. 161, 170 (1939)).

### III.     Discussion

The Court will grant Rafi's voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2). Neither Negrete nor Soto set forth any argument about why the Court should not grant Rafi's Motion.  Certainly, neither Defendant has advanced an argument why granting voluntary dismissal with prejudice would result in a legal prejudice against either of them. Both, however, do argue that the Court should retain jurisdiction to decide sanctions and attorney fees and costs at a later time.  The Court agrees that it has the authority to decide sanctions and attorney fees and costs even after the voluntary dismissal of this lawsuit.  *See Cooter & Gell*, 496 U.S. at 395–96 (recognizing the authority of district courts to decide sanctions and attorney fees after an action is no longer pending).

Soto's request that the Court retain jurisdiction to decide his anti-SLAAP defense to Rafi's lawsuit under A.R.S. § 12-751, however, will be denied.  (Doc. 84).  The only claim providing the Court with jurisdiction over this matter was Rafi's federal RICO claim. Now that Rafi is voluntarily dismissing the lawsuit, including the federal RICO claim, the Court finds it would be inappropriate to retain jurisdiction over a state claim solely to resolve a purely state law issue. *See Scott v. Pasadena Unified School Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (stating that when a district court does not have subject matter jurisdiction, it has no authority to exercise supplemental jurisdiction over state law claims).  Moreover, "[t]he judicial branch loses its power to render a decision on the

merits of [a] claim when a federal court can no longer effectively remedy a present controversy between the parties." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) (cleaned up). Because the Court is granting Rafi's Motion to Dismiss his claims with prejudice, there is no longer a live controversy between the parties that the Court must adjudicate on the merits. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).  Therefore, Soto's request is denied.

Accordingly,

**IT IS ORDERED** that Plaintiff Rafi Law Group PLLC's Motion to Dismiss (Doc. 76) is **granted.**   This matter is **dismissed, with prejudice**, and the Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the following Motions shall be terminated as moot: Defendant Gil Negrete's Motion to Dismiss at (Doc. 11); Defendant Jesus Soto's Motion to Dismiss at (Doc. 12); and Defendant Jesus Soto's Motion to Dismiss at (Doc. 37).

**IT IS FINALLY ORDERED** that any motion for sanctions and attorneys' fees shall be filed within thirty (30) days of this Order.

Dated this 5th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge